UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60257-CIV-SINGHAL

**YANKIEL MARTINEZ ALFONSO**,

Petitioner,

vs.

**CURRENT WARDEN**, Miramar ICE Field Office;
**GARRETT J. RIPA**, Director of Miami Field Office,
U.S. Immigration and Customs Enforcement;
**TODD LYONS**, Acting Director of U.S. Immigration
and Customs Enforcement, In his official capacity;
**KRISTI NOEM**, Secretary of the U.S. Department
of Homeland Security; and **PAM BONDI**, Attorney
General of the United States, in their official
capacities,

Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Yankiel Martinez Alfonso's Emergency Motion for Temporary Restraining Order and Order to Show Cause Re[garding] Preliminary Injunction (the "**Motion**"). (DE [4]).  Having reviewed the Motion, the docket, relevant legal authority, and otherwise being fully advised, the Motion is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated below.

## I.   BACKGROUND.

Petitioner is a Cuban national who entered the United States and petitioned for asylum in early 2022. (DE [1] at 2). Petitioner was thereafter released under supervision, placed in section 1229a removal proceedings, and instructed to attend a removal hearing on January 27, 2026. *Id.* During the hearing, the government moved to dismiss Petitioner's proceedings, revoked his parole, arrested him, and designated him for expedited removal under section 1225(b)(1). *Id.*

Thereafter, Petitioner petitioned this Court for a writ of habeas corpus (the "**Petition**"), seeking his immediate release, or alternatively a bond hearing, and for an injunction prohibiting the government from transferring Petitioner outside the Southern District of Florida. *See generally* (DE [1]). Three days thereafter, the government advised Petitioner's counsel that it had transferred Petitioner from the Southern District of Florida to the Western District of Texas. (DE [4] at 1).  Concerned that he will be deported without further notice or transferred again, Petitioner asks this Court to: (1) temporarily restrain Respondents from relocating Petitioner absent court order, removing him from the United States, or interfering with his communication with counsel; (2) order Petitioner's return to the Southern District of Florida; (3) order the government to show cause why the Court should not enter a preliminary injunction; (4) set an expedited briefing and hearing schedule; (5) require the government give Petitioner and the Court 48-hours' notice of its intent to transfer Petitioner to a new location; and (6) if the restraining order is not granted, require the government to immediately state its grounds for detention and to set a status conference within 48 hours.

## II.    DISCUSSION.

The Court first determines whether it maintains jurisdiction to adjudicate the Petition and, concluding it does, thereafter turns to the Petition's merits.

### A. Jurisdiction.

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). It is well-established habeas petitions must be filed in the district of confinement and that failure to so file precludes jurisdiction. *See, e.g., Rumsfeld*

*v. Padilla*, 542 U.S. 426, 443 (2004). But this rule gives way when "the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian." *See, e.g.*, *id.* at 441; *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1207–08 (S.D. Fla. 2020) (aliens' transfer outside district did not destroy habeas jurisdiction); *Louis v. U.S. Att. Gen.*, 2020 WL 1049169 (M.D. Fla. Mar. 4, 2020) ("It is well-settled that jurisdiction attaches upon the initial filing for habeas corpus relief, and it is not destroyed upon transferring petitioner and custodial change."). In such a situation, the court "may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441. Consequently, because Petitioner was detained within the Southern District at the time of filing, his subsequent transfer does not divest this Court of jurisdiction.

### B.  Merits.

Because the present Motion is styled as an "emergency," this Court declines to address all non-emergency matters contained in the Motion. To qualify as an emergency, an issue generally must be so time-sensitive that, if not ruled on within seven days, it will become moot. *See* Local Rule 7.1(d)(1). Moreover, a matter is not ordinarily emergent unless it presents an issue of health, safety, destruction of property, catastrophic financial hardship, denial of an essential service, or—as relevant here—deportation. *See Weiss v. Trans Union, LLC*, 2023 WL 4350449, at *1 n.1 (M.D. Fla. May 19, 2023) (citing *VMR Prods., LLC v. Elec. Cigarettes Outlet, LLC*, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013)). Petitioner satisfies this high standard to the extent that he may be immediately deported without further process, and therefore the Court limits its analysis to whether Petitioner is entitled to a temporary restraining order to alleviate only that risk.

To obtain a temporary restraining order, a movant must demonstrate:

3

(1) a substantial likelihood of success on the merits; (2) that the preliminary injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant; and (4) that the preliminary injunction would not be averse to the public interest.

*Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1280 (11th Cir. 2015) (quoting *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014)). "A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain*, success." *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1271 n.12 (11th Cir. 2020) (quoting *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005)) (emphasis original). "An injury is 'irreparable' only if it cannot be undone through monetary remedies" and must be "neither remote nor speculative, but actual and imminent." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)).

### 1. Likelihood of Success on the Merits.

Petitioner asserts that the government improperly placed him in expedited removal proceedings pursuant to section 1225(b)(1). *See* (DE [4] at 10). Section 1225(b)(1) authorizes expedited removal of certain aliens "without further hearing or review ***unless the alien indicates . . . an intention to apply for asylum***." 8 U.S.C. § 1225(b)(1)(A)(i) (emphasis added). Moreover, section 1225(b)(1)'s expedited removal regime excludes aliens who, despite not being admitted or paroled into the United States, prove to the immigration officer's satisfaction that they have "been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." § 1225(b)(1)(A)(iii)(II).

4

But Petitioner applied for asylum on December 5, 2022, *see* (DE [1-5]), and has been present is the United States continuously for more than two years, *see* (DE [1] at 10). Consequently, Petitioner appears to be ineligible for expedited removal under section 1225(b)(1) and has therefore demonstrated a substantial likelihood of success on the merits.

### 2.  Irreparable Harm.

Petitioner faces the risk of immediate deportation "without further hearing or review." If Petitioner is removed from the country contrary to law, he will suffer loss of opportunity, relationships, and the freedom enjoyed by those lawfully residing in our great nation. No amount of money could compensate Petitioner for this composite loss. Moreover, the government's intent to expeditiously remove Petitioner without further process reveals that said harm is actual and imminent. Accordingly, Petitioner demonstrates a threat of irreparable harm.

### 3.  The Threat of Expedited and Erroneous Removal Outweighs the Harm Caused by Entry of a Temporary Restraining Order.

Petitioner asks this Court to enjoin his expedited deportation, not to remove him from deportation proceedings altogether. The minor "harm" to the government in delaying Petitioner's removal proceedings until this Court determines whether Petitioner is properly removed expeditiously under section 1225(b)(1) or placed in standard section 1229a removal proceedings is far outweighed by the harm that Petitioner would experience if unlawfully removed from the country.

### 4.  Public Interest.

The Court identifies no public interest against ensuring that those subject to this country's immigration laws are removed (or not) in accordance with same.

5

Because Petitioner has satisfied the above elements, he is entitled to a temporary restraining order preventing his removal from the United States while this Court adjudicates the Petition. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Respondents are **ENJOINED** from removing Petitioner from the United States on or before February 16, 2026;

2. Prior to February 16, 2026, Petitioner may seek extension of this Order based on good cause or with Respondents' consent;

3. The remaining relief requested in the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 2nd day of February 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF